IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 30, 2002 Session

**ALVIN RAY MAYS v. HELEN DARLENE MAYS**

**Direct Appeal from the Chancery Court for Hawkins County**
**No. 13523      Hon. Thomas R. Frierson, II., Judge**

**FILED NOVEMBER 22, 2002**

**No. E2001-02630-COA-R3-CV**

In post-divorce action, the Trial Court changed from the mother to the father, the role as primary custodian of the minor child.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and CHARLES D. SUSANO, JR., J., joined.

Richard A. Spivey, Kingsport, Tennessee, for Appellant.

Gregory W. Francisco, Kingsport, Tennessee, for Appellee.

**OPINION**

After 17 years of marriage, the parties were divorced in 1999 on stipulated grounds. At this time there is one minor child, Isaiah, now 7 years old.  At the time of the divorce, the Marital Dissolution Agreement provided for joint custody of the children with the mother being the primary custodial parent and liberal visitation to the father, with child support to be paid to the mother.

In 2001, the father filed a Motion to Modify Custody, Child Support and Alimony, seeking sole custody of the children with visitation to the mother, payment of child support, and termination of alimony payments.  The father alleged that he was better able to provide stability and consistency for the children.  The issues were tried in July of 2001, and the Trial Court in its Order on its Memorandum Opinion, adopted and incorporated a Parenting Plan submitted by the father, making him primary residential custodian and ordering the mother to pay child support.

The Trial Court made the following findings of fact:

In approximately November 1999, Ms. Mays established a relationship with Mr. Mike Williams of Kingsport, Tennessee. The evidence preponderates in favor of a finding that Mr. Williams has maintained a continuous residence separate from Ms. Mays' home during the course of their relationship. However, Mr. Williams frequents the home of Ms. Mays and has often spent the night there in the presence of the minor children. Mr. Williams is unemployed and receives S.S.I. disability benefits. This Court further finds that during several occasions, one as recently as January 2001, Ms. Mays has permitted the use and consumption of marijuana in her home with the children present. At least twice, Ms. Mays personally consumed the drug in their company. Moreover, while shopping with Autumn, [the daughter now 18, who resides with the father] Ms. Mays purchased drug paraphernalia from a local retailer of such items.

The Court further found that the relationship between the mother and the older daughter had "culminated" in a physical altercation in January of 2001 and that Autumn enjoys a strong sibling bond with her brother, Isaiah Mays.

Further, the Trial Court concluded that allowing Mr. Williams to be an overnight guest and "accompanying a child while under the influence of alcohol or non-prescription drugs" were in violation of a "standing order"[1] of the Court, which the Court incorporates into all orders affecting the custody of children. The Court then concluded that the father's home was "more stable, healthy and conducive to instructing, inspiring and encouraging children to prepare for a life of service and to compete successfully in society. The [father's] home reflects an atmosphere of structure, rules, and constructive consequences for all children present". The Court then concluded "the evidence supports the finding that circumstances have changed in a material way so as to warrant a modification in parenting responsibilities and schedule".

While the mother lists five issues, these issues may be condensed into two:

1.      Whether the Trial Court erred in modifying the Judgment of Divorce to designate the father as the primary residential parent, pursuant to a finding of a material change of circumstances based upon the mother's alleged use of marijuana and alcohol in the child's present, and having an overnight guest of the opposite sex.

2.      The Motion to Modify should have been dismissed as a matter of law because the accompanying Proposed Parenting Plan did not include a verified statement of the father's income.

---

[1]Such restriction is not in the MDA or any order in the record of this case.

The standard of review in child custody and modification cases is *de novo* with a presumption of correctness of the trial court's findings, unless the evidence preponderates otherwise. *Hass v. Knighton,* 676 S.W.2d 554, 555 (Tenn. 1984); *Nichols v. Nichols,* 792 S.W.2d 713 (Tenn. 1990); *Placencia v. Placencia,* 3 S.W.3d 497 (Tenn. Ct. App. 1999). No presumption of correctness attaches to conclusions of law. *Nelson v. Nelson*, 66 S.W.3d 896 (Tenn. Ct. App. 2001).

The evidence relating to drug use and overnight visitations by Mr. Williams is sharply disputed. However, it is the province of the trial court to resolve the credibility of the evidence and determine the weight, faith and credit to be given witnesses, and the Trial Court's determinations of the credibility of witnesses is afforded great deference on appeal. *In Re Parsons,* 914 S.W.2d 889 (Tenn. Ct. App. 1995). Such findings are binding upon the appellate court, and will not be reversed unless the Court is compelled to conclude to the contrary by clear, concise and convincing evidence, other than oral testimony, that contradicts the Trial Court, absent an error of law. *Reed v. Alamo Rent-A-Car, Inc.*, 4 S.W.3d 677, 687 (Tenn. Ct. App. 1999).

Subsequent to the Trial Court's determination, the Tennessee General Assembly enacted Tenn. Code Ann. §36-6-101(a)(2)(B) which states:

> If the issue before the court is a modification of the court's prior decree pertaining to custody or a residential parenting arrangement, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or circumstances which make the parenting plan no longer in the best interest of the child.
>
> (i) In each contested case, the court shall make such a finding as to the reason and the facts that constitute the basis for the custody determination.

The Supreme Court in *Kendrick v. Shoemake,* ___ S.W.3d ___, No. E2000-01318-SC-R11-CV, filed November 1, 2002 at Knoxville, considered the foregoing statutory enactment as it relates to a petition to modify custody from one parent to the other and said:

> This issue is largely resolved by a recent decision in *Blair v. Badenhope,* 77 S.W.3d 137 (Tenn. 2002). *Blair* involved a custody dispute between a parent and a non-parent. We concluded that once a valid order of custody has been issued, subsequent custody modification proceedings should apply the "standard typically applied in parent versus parent modification cases: that a material change in circumstance has occurred, which makes a change in custody in the child's best interest. *Id.* at 148. As explained in *Blair*, the "threshold issue" is whether a material change in circumstance has occurred after the initial custody determination. *Id.* at 150. While "there are no hard and fast rules for determining when a child's circumstances have changed sufficiently to warrant a change of his or her custody, the following factors

have formed a sound basis for determining when a material change in circumstance has occurred: the change "has occurred after the entry of an order sought to be modified", the change "is not one that was known or reasonably anticipated when the order was entered", and the change "is one that affects the child's well-being in a meaningful way". *Id.* (Citations omitted). "We note that a parent's change in circumstances may be a material change in circumstances for the purpose of modifying custody, if such a change affects the child's well-being".

The Court went on to say that if a material change in circumstances has occurred, the determination must be made as to whether modification is in the child's best interest. That determination is made by considering the factors enumerate in Tenn. Code Ann. §36-6-107.[2] In this case, the Trial Court did make factual findings of change in circumstances that could warrant a change in custody.

The next step then requires an analysis of the factors set forth in Tenn. Code Ann. §36-6-106, and while the Trial Court did not clearly engage in the statutory analysis, his findings import that the child is not "in a stable, satisfactory environment" and the factors of the character and behavior of a person who frequents the home and the interaction of that person with the child, as well as the mental health of the mother, support the Court's determination that it was in the best interest of the child that the father be the primary custodian.

---

[2]These factors set forth in §36-6-106 include the following:

(1) The love, affection and emotional ties existing between the parents and child;

(2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver; . . .

(3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; . . .

(4) The stability of the family unit of the parents;

(5) The mental and physical health of the parents;

(6) The home, school and community record of the child;

(7) The reasonable preference of the child if twelve (12) years of age or older; . . .

(8) Evidence of physical or emotional abuse to the child, to the other other parent or to any other person;

(9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and

(10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Finally, the wife argues the Motion to Modify should be dismissed due to the plaintiff's failure to file a verified income statement, in compliance with Tenn. Code Ann. §36-6-405(a). This argument is without merit for two reasons. The issue was not raised in the Trial Court and is waived on appeal. *Dailey v. Dailey,* 635 S.W.2d 391 (Tenn. Ct. App. 1981). Second, defendant misinterprets the statute. T.C.A. 36-6-405(a) applies to applications to modify or amend a permanent parenting plan. This was not a proceeding to amend a parenting plan, there was no plan filed in the original divorce case. This argument was recently rejected in *Casby v. Hazelrig*, 2002 Tenn. App. Lexis 546, No. W2001-02073-COA-R3-CV. A petition to modify custody was filed in a case where the final divorce decree was issued prior to the statutory requirement of permanent parenting plans. The Court held that the proceeding was clearly seeking "sole custody" where there was joint custody and was therefore attempting to modify the final decree, not simply a modification of the visitation arrangements. Appellant also cites Tenn. Code Ann. §36-6-404(c)(3), but this statute is not applicable and the proceeding before us is governed by Tenn. Code Ann. §36-6-101(a)(2).

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Helen Darlene Mays.

_____
HERSCHEL PICKENS FRANKS, J.